IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH COPELIN,

    Plaintiff,

v.                                                                                              Civ. No. 22-477 GBW

KILOLO KIJAKAZI, *Acting*
*Commissioner of the Social Security*
*Administration*,

    Defendant.

## ORDER DENYING REMAND

This matter comes before the Court on Plaintiff's Motion to Reverse the Administrative Law Judge['s] (ALJ) Unfavorable Decision Dated December 7, 2020[,] as well as the Appeals Council Ruling Dated June 23, 2020: Alternatively Motion to Remand Case Back to the Administrative Law Judge ("Motion"). *Doc. 18*. For the reasons explained below, the Court DENIES Plaintiff's Motion and AFFIRMS the judgment of the SSA.

    **I.**     **PROCEDURAL HISTORY**

Plaintiff filed an initial protective application for SSI on July 7, 2014, alleging disability beginning May 9, 2011. Administrative Record ("AR") at 98-99; 219-22. Plaintiff's application was denied on initial review on January 23, 2015, AR at 113, and again on reconsideration on July 13, 2015, AR at 127. An Administrative Law Judge

("ALJ") held a hearing on Plaintiff's application on March 16, 2017, *see* AR at 38-96, and issued an unfavorable decision on June 23, 2017, *see* AR at 142.  Plaintiff sought review of his case before the Appeals Council and requested that the Appeals Council remand the ALJ's decision based on additional medical evidence that Plaintiff obtained after the date of the ALJ hearing.  AR at 2.  After the Appeals Council declined to consider the additional evidence and denied review of the ALJ's decision on June 19, 2018, AR at 1-2, Plaintiff filed suit in this Court, seeking review and reversal of the ALJ's and AC's decisions, *see* Complaint, *Copelin v. Saul*, Civ. No. 18-727 KK, (D.N.M. June 29, 2022), ECF No. 1.  On September 27, 2019, the Honorable Kirtan Khalsa found that three additional medical records from Drs. Iqbal, Feil, and Anderson submitted by Plaintiff to the Appeals Council were material to the ALJ's decision and relevant to the time period on or before the date of the ALJ's decision, and she remanded Plaintiff's case to the Appeals Council for further review.  *See Copelin v. Saul*, Civ. No. 18-727 KK, 2019 WL 4739536, at *8-13 (D.N.M. Sept. 27, 2019).

On June 23, 2020, the Appeals Council remanded Plaintiff's case to an ALJ and ordered the ALJ to consider the additional medical evidence.  AR at 676.  The ALJ held a second hearing on November 5, 2020, AR at 582-623, and once again issued an unfavorable decision on December 7, 2020, AR at 557, 575.  Plaintiff sought review from the Appeals Council, which denied review on June 3, 2022, AR at 550, making the ALJ's denial the Commissioner's final decision, *see* 20 C.F.R. § 422.210(a).

On June 29, 2022, Plaintiff filed suit in this Court, seeking review and reversal of the ALJ's decision. *See doc. 1*. On November 21, 2022, Plaintiff filed his Motion to Reverse the Administrative Law Judge['s] (ALJ) Unfavorable Decision Dated December 7, 2020[,] as well as the Appeals Council Ruling Dated June 23, 2020: Alternatively Motion to Remand Case Back to the Administrative Law Judge. *Doc. 18*. On November 22, 2022, Plaintiff filed his accompanying Brief in Support of [His] Motion to Reverse the Administrative Law Judge's (ALJ) Unfavorable Decision Dated December 7, 2020[,] or Alternatively, to Remand the Case Back to the Administrative Law Judge (ALJ). *Doc. 19*. The Commissioner responded on January 25, 2023. *See doc. 21*. Briefing on Plaintiff's Motion was complete on February 27, 2023, *see doc. 25*, with the filing of Plaintiff's reply, *see doc. 24*.

**II.    STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, [the Court] neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

"Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.2d at 800 (internal quotation marks omitted).  "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010.  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Indeed, the substantial evidence standard is met unless the evidence on which the ALJ relied is "overwhelmed by other evidence in the record or constitutes mere conclusion." *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)).

### III.   ALJ Evaluation

#### A.  Legal Standard

For purposes of Supplemental Security Income benefits, an individual is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  To determine whether a person satisfies these criteria, the SSA has developed a five-step test.  *See* 20 C.F.R. § 416.920(a).  If the Commissioner finds an individual disabled at any step, the next step is not taken.  *Id.* § 416.920(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  *Id.* § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261 .

Step four of this analysis consists of three phases.  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence."  20 C.F.R. § 416.945(a)(3).  A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations."  *Id.* § 416.945(a)(1).  Second, the ALJ determines the physical and mental demands of the claimant's past work.  "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'"  *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling (SSR) 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982)).  Third, the ALJ

5

determines whether, in light of the RFC, the claimant is capable of meeting those demands.  *Id.* at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process.  At step five, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### B. The ALJ's Decision

On December 7, 2020, the ALJ issued his decision denying Plaintiff's application for SSI benefits for the second time.  *See* AR at 557, 575.  In denying Plaintiff's application, the ALJ applied the five-step sequential analysis.  At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since July 7, 2014, the application date."  AR at 562.  At step two, he found that Plaintiff has the following severe impairments: "Chronic Kidney Disease, Hypertension, Obesity, Depression, Post-Traumatic Stress Disorder, and Antisocial Personality Disorder, and Drugs/Substance Abuse Addiction Disorder."  AR at 562.  He also noted that Plaintiff has other medically determinable impairments including migraines, obstructive sleep apnea, and status-post radical prostatectomy for prostate cancer, but the ALJ found these impairments to be non-severe.  AR at 563.  At step three, the ALJ found that Plaintiff's severe impairments—both individually and in combination—did not meet or

equal the severity of an impairment in the Listings.  AR at 564.

At step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR 416.967(b) with a few exceptions relating to lifting, carrying, standing, walking, and sitting.  AR at 567.  The ALJ also found that Plaintiff is limited to never climbing ladders, ropes, or scaffolds, never crawling, and avoiding all exposure to unprotected heights, dangerous machinery, and moving machinery.  *Id.*  The ALJ also included several mental limitations in Plaintiff's RFC.  *Id.*

In making these findings, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and the other evidence in the record.  AR at 568.  The ALJ also reviewed Plaintiff's medical record, including the additional medical records that the ALJ was ordered to examine by the Appeals Council pursuant to the remand order from the Court.  *See* AR at 563 (examining Dr. Iqbal's and Dr. Feil's findings); AR at 570-71 (examining Dr. Anderson's findings).

## IV.  ANALYSIS

Plaintiff moves the Court to reverse or remand the ALJ's decision because it was not supported by substantial evidence and because the ALJ failed to adhere to the orders set forth in the Appeal Council's order in which it remanded the case to the ALJ.

*Doc. 18* at 1; *see generally doc. 19*.  Plaintiff's Motion also requests that the Court reverse the Appeals Council ruling dated June 23, 2020.  *Doc. 18* at 1.   Defendant disputes these arguments.  *See generally doc. 21*.  For the reasons explained below, the Court agrees with Defendant.

### A.     The ALJ's Decision is Supported by Substantial Evidence

Plaintiff argues that several of the ALJ's findings—that Plaintiff's migraines and hypoxia are not severe impairments and that a statement by one of Plaintiff's physicians regarding his overall health was vague—are not supported by substantial evidence.  *See doc. 19* at 12-17.  However, the ALJ clearly considered all of the evidence, he supported his findings with an explanation of the evidence upon which he relied, and none of this evidence is "overwhelmed by other evidence in the record."  *Grogan*, 399 F.3d at 1261-62 (citations omitted).  As a result, the Court will uphold the ALJ's findings.

Plaintiff first argues that the ALJ improperly failed to consider the medical records from Dr. Iqbal and Dr. Feil relating to Plaintiff's migraines and hypoxia as well as Plaintiff's testimony about the impact of his migraines and hypoxia on his ability to work when making a finding that Plaintiff's migraines and hypoxia were non-severe impairments.  *Doc. 19* at 13-14.  A "severe" impairment is one that "significantly limits [an individual's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Contrary to Plaintiff's contentions, the ALJ clearly considered all of the relevant evidence and made a factual finding that Plaintiff's migraines and hypoxia did

not significantly limit his ability to do basic work activities. For example, the ALJ described Dr. Iqbal's and Dr. Feil's medical findings and concluded that these findings showed progressive improvement and mostly normal results. AR at 563. The ALJ also considered the testimony of Dr. Smiley, a non-examining medical expert, *id.*, as well as Plaintiff's self-reported symptoms about his migraines, AR at 568. The Court does not find that there is overwhelming evidence that Plaintiff's migraines or hypoxia constitute a severe impairment and therefore defers to how the ALJ weighed this evidence.

In addition, even if the ALJ erred by finding that Plaintiff's migraines or hypoxia were non-severe, such error was harmless and would not have impacted the ALJ's finding with respect to the claimant's RFC. As long as the ALJ finds one or more impairments as severe at step two of the analysis, the ALJ will continue to step three and determine the RFC. *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe."). The ALJ determines a claimant's RFC by examining "all of the relevant medical and other evidence," 20 C.F.R. § 416.945(a)(3), and does not base the RFC solely on Plaintiff's severe impairments. Because the ALJ examined and considered all the medical evidence as he was crafting the RFC, including Plaintiff's reports of migraines and hypoxia, the RFC would not have been different even if the ALJ found that Plaintiff's migraines or hypoxia were a severe impairment. Indeed, the ALJ's second decision which examined additional

medical records, including Dr. Iqbal's and Dr. Feil's findings regarding Plaintiff's migraines and hypoxia, included an RFC with more work restrictions than the RFC in the ALJ's first decision which did not examine the additional medical records. *Compare* AR at 567 (stating that the Plaintiff is restricted to light work and providing various exertional limitations) *with* AR at 138 (stating that the Plaintiff can perform a full range of work at all exertional levels). The more restrictive RFC in the ALJ's second decision indicates that the ALJ considered and incorporated the additional medical evidence, including Plaintiff's reports of migraines and hypoxia, despite finding that Plaintiff's migraines and hypoxia were non-severe.

Plaintiff next argues that the ALJ improperly considered the medical opinion of Dr. Anderson. Dr. Anderson submitted a one-paragraph letter in which she stated that Plaintiff had been her patient for three years and presented with "several health challenges which affect his blood pressure" including "severe chronic kidney disease." AR at 848. She concluded her letter by explaining that "[w]orking daily along with other stressors would likely worsen [Plaintiff's] blood pressure control and adversely impact his health." *Id.* The ALJ considered Dr. Anderson's opinion and found her discussion of Plaintiff's chronic high blood pressure and kidney disease to be consistent with the other medical evidence, but he concluded that Dr. Anderson's statement regarding Plaintiff's ability to work was "vague" and "of limited value for Social

Security disability cases" because it did not contain an "opinion on the Claimant's environmental, exertional, or postural limitations."  AR at 571.

First, Plaintiff argues that the ALJ should not have dismissed a portion of Dr. Anderson's medical opinion as "vague" because it "specifically explained that the patient had several health challenges which affect his blood pressure."  *Doc. 19* at 16.  The Tenth Circuit has noted that a "bald conclusion that Plaintiff is totally disabled" is "unhelpful because of its uncertain medical meaning" and because it "extends beyond the expertise of a physician, since it requires an assessment of interrelated medical, educational, and vocational factors."  *Balthrop v. Barnhart*, 116 F. App'x 929, 932 (10th Cir. 2004) (unpublished); *see also* 20 C.F.R § 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").[1]  Although Dr. Anderson did not make an explicit finding that Plaintiff is disabled, her final statement about the risks to Plaintiff of daily work is, in effect, a conclusion about Plaintiff's disability status.  Because legal conclusions about a claimant's disability status are "issue[s] reserved to the Commissioner," *Balthrop*, 116 F.

---

[1] Because Plaintiff's claim was filed on July 7, 2014, *see* AR at 562, the pre-2017 SSA regulations regarding the evaluation of medical opinion evidence apply to his case, *see* 20 C.F.R § 416.927.

App'x at 932, the Court does not find that the ALJ erred in discounting Dr. Anderson's last statement as "vague" and "unhelpful."

Second, Plaintiff argues that the ALJ should have given greater consideration to Dr. Anderson's opinion that Plaintiff's chronic hypertension and kidney problems impact Plaintiff's ability to work because it was supported by other evidence in the record. *See doc. 19* at 16-17 (citing AR at 339-346, 906-941). The ALJ examined and discussed evidence regarding Plaintiff's chronic hypertension and his kidney disease, including the records that Plaintiff cites, *see, e.g.,* AR at 568, 571, as well as other records, *see* AR at 568-89. These medical records provide evidence that while Plaintiff's hypertension is severe and has been uncontrolled in the past, *see, e.g.,* AR at 373, 390, his hypertension is controllable with medication, *see, e.g.,* AR at 398, 901. Similarly, the records show that Plaintiff suffers from chronic kidney problems, *see, e.g.,* AR at 915-16, 929, but that he has shown improvement with medication and other medical interventions, *see, e.g.,* AR at 901. Based on the ALJ's assessment of Plaintiff's "long history of hypertension, chronic kidney disease, and episodes of breathing problems," the ALJ limited Plaintiff to light work with additional postural and environmental limitations. AR at 571. The Court is satisfied that the ALJ properly considered Dr. Anderson's medical opinion in the context of the other medical evidence, and it finds that the ALJ's conclusion that Plaintiff can complete light work with additional

limitations despite Plaintiff's chronic hypertension and kidney disease is supported by substantial evidence.

Finally, Plaintiff argues that the ALJ should have ordered a consultative medical exam of Plaintiff because the ALJ did not have enough information to make factual findings. *See doc. 19* at 13, 16. Plaintiff has two grounds for this argument: 1) The ALJ based his decision about Plaintiff's migraines on the testimony of a non-examining medical expert, Dr. Smiley, who was only able to review the medical record and was not able to consider Plaintiff's testimony about his migraines; and 2) The ALJ found Dr. Anderson's letter about the effect of Plaintiff's hypertension and kidney problems to be "vague." *Id.* An ALJ should "order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). Plaintiff has failed to present an argument for how the record establishes a reasonable possibility of the existence of a disability based on Plaintiff's migraines, hypertension, or kidney problems or for why additional medical evaluation would be of material assistance to the ALJ. In addition, as noted above, the ALJ based his findings regarding Plaintiff's migraines, hypertension, and kidney problems on more than Dr. Smiley's testimony or Dr. Anderson's letter. Even if these particular pieces of evidence did not present the full picture of Plaintiff's condition, there is still additional, substantial evidence to support

13

the ALJ's findings. As a result, the Court does not find that the ALJ erred in declining to order a consultative medical exam.

### B. The ALJ Did Not Commit Legal Error by Failing to Follow the Appeals Council's Order to Obtain Evidence from a Vocational Expert

Lastly, Plaintiff argues that the ALJ neglected to follow the requirements related to the use of a vocational expert set forth by the Appeals Council in its June 23, 2020, order remanding the case to the ALJ. *See doc. 19* at 18.  In relevant part, this order required the ALJ to: "If warranted by the expanded record, obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base" and present "hypothetical questions [that] reflect the specific capacity/limitations established by the record as a whole."  AR at 676-77.  Plaintiff argues that the ALJ's hypothetical questions to the vocational expert did not ask the expert to consider a variety of Plaintiff's medical ailments, including migraines, sensitivity to cold, high blood pressure, kidney problems, or numbness when she was identifying which jobs Plaintiff would be able to perform given his limitations.  *Doc. 19* at 18.  As a result, Plaintiff argues that the ALJ's hypothetical questions did not reflect the limitations established by the record as a whole in contravention of the Appeals Council's order.  *Id.*

An ALJ is only required to ask the vocational expert hypotheticals "about the effect of those limitations ultimately assessed; the judge did not need to ask about the

14

effect of limitations that he didn't believe applied." *Smith v. Colvin*, 821 F.3d 1264, 1270 (10th Cir. 2016).  During the hearing, the ALJ presented the vocational expert with a hypothetical individual who has the same physical and mental limitations as the ALJ described in the RFC, and he asked the expert to opine on whether this hypothetical individual could perform any jobs in the national economy.  AR at 617-18.  As a result, the ALJ's questions to the vocational expert were about the "effect of those limitations ultimately assessed." *Smith*, 821 F.3d at 1270.  Further, because the Court has found that the ALJ's findings with respect to Plaintiff's RFC are supported by substantial evidence, the ALJ did not err by failing to ask the expert about hypothetical individuals with limitations not contained in the RFC, and the ALJ fulfilled the Appeals Council's mandate that he ask "hypothetical questions [that] reflect the specific capacity/limitations established by the record as a whole."  AR at 677.

## V. CONCLUSION

For the foregoing reasons, the Court finds no reversible error in the ALJ's decision.  Therefore, the Court DENIES Plaintiff's Motion to Reverse and Remand (*doc. 18*) and AFFIRMS the judgment of the SSA.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**